**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | |
| | * | Crim. No. **PJM 08-0505** |
| | * | |
| **WALTER LLOYD BLAIR** | * | |
| | * | |
| Petitioner-Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Walter Lloyd Blair has filed a Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), ECF No. 280, based on Amendment 782 to the United States Sentencing Guidelines. U.S.S.G Supp. App. C, Amdt. 782 (effective Nov. 1, 2014). The Government counters that Blair is not eligible for such a reduction. For the reasons that follow, the Court will **DENY** Blair's Motion to Reduce Sentence.

**I.**

Blair's case has a long history in this Court, which was reviewed extensively in the Court's November 4, 2016 Memorandum Opinion. *Blair v. United States*, No. PJM 08-0505, 2016 WL 6569064 (D. Md. Nov. 4, 2016). For the purposes of the motion currently before the Court, the following the facts are pertinent:

On November 5, 2008, Blair was charged in an indictment with fourteen counts of criminal activity, including money laundering, witness tampering, obstruction of justice, making false statements, and failing to file income tax returns. ECF No. 1. He was convicted by a jury of

all fourteen counts. ECF No. 165. The Court sentenced him to ninety-seven months in custody on Counts One through Eleven, sixty months on Count Twelve, and twelve months on Counts Thirteen and Fourteen, all sentences to run concurrently. ECF No. 204.

The Fourth Circuit affirmed all of the jury verdicts except with respect to Count Eleven (Obstruction of Justice), which was reversed for insufficient evidence. The case was remanded to this Court for resentencing. *United States v. Blair*, 661 F.3d 755, 766-70 (4th Cir. 2011).

On March 19, 2012, Blair was resentenced in this Court to ninety-seven months in custody as to each of Count 1 through Count 10, to be served concurrently; sixty months as to Count 12, to be served concurrently; and twelve months each as to Counts 13 and 14, also to be served concurrently. ECF No. 242 at 4. At sentencing, the Court accepted the guidelines calculations of the Pre-sentence Report. ECF No. 249 at 66:19. Blair appealed again to the Fourth Circuit, which affirmed the Court in full. *United States v. Blair*, 508 F. App'x 225, 1 (4th Cir. 2013). ECF No. 251 at 1.

Blair subsequently filed a Motion for Vacate under 28 U.S.C. § 2255, alleging thirty-two grounds of ineffective assistance of counsel at both the trial and appellate levels, which the Court, as indicated, denied on November 4, 2016.

Separately, Blair has submitted a Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), which the Court now considers.

**II.**

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 819, 819 (2010). Section 3582(c), however, establishes exceptions to this rule. Among others, the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The U.S. Sentencing Guidelines provide that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . the court may reduce the defendant's term of imprisonment…" U.S.S.G. § 1B1.10. One such reduction is Amendment 782, which alters the Drug Quantity Table, which, in turn, prescribes the base offense level for drug crimes based on the quantity of drugs involved.  U.S.S.G. § 2D1.1 The amendment applies retroactively. U.S.S.G. § 1B1.10(d).

Blair argues that his sentence should be reduced from 97 to 78 months based on Amendment 782. The Government submits that Amendment 782 is inapplicable because Blair was sentenced pursuant to U.S.S.G 2S1.1(a)(2), which was unaffected by the Amendment. The Court agrees with the Government.

During Blair's resentencing, the Court adopted the guidelines calculations contained in an Amended Pre-Sentence Report ("PSR") issued by U.S. Probation and Pretrial Services. ECF No. 249 at 66:19. According to the PSR, Blair was assigned a Base Offense Level of 18 based on U.S.S.G. §2S1.1(a)(2), (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity.) Pre-Sentence R. at ¶ 53; ECF No. 280-7. The Base Offense Level was enhanced six levels based on U.S.S.G. §2S1.1(b)(1) because the laundered funds were deemed to be proceeds of an offense involving the distribution of

marijuana and another two levels based on U.S.S.G. 2S1.1(b)(2)(B), because Blair was convicted under 18 U.S.C. § 1956, Laundering of monetary instruments.[1]

None of those guidelines refer the Court to the Drug Quantity Table.[2] As such, Amendment 782 did not cause Blair's sentencing range to have "subsequently been lowered by the Sentencing Commission," as might allow the Court to modify his term of imprisonment. 18 U.S.C. § 3582(c)(2).

The Court therefore **DENIES** Blair's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), ECF No. 280.

A separate Order will **ISSUE.**

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 7, 2017**

---

[1] Blair was given a further two point enhancement for his role in the offense pursuant to U.S.S.G. § 3B1.3.
[2] In contrast, as the Government notes, were the Court to have sentenced Blair under U.S.S.G § 2S1.1(a)(1), which directs the Court to look to "the offense level for the underlying offense from which the laundered funds were derived," Amendment 782 would apply.